274 So.2d 124 (1973)
Floyd AIKERSON
v.
STATE of Mississippi.
No. 47190.
Supreme Court of Mississippi.
March 5, 1973.
*125 Landman Teller, Jr., W.B. Duggins, Vicksburg, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant was indicted by the Grand Jury of Warren County, Mississippi. He was tried and convicted of the alleged cirme of kidnapping. He was sentenced to serve a term of fifteen (15) years in the state penitentiary, and he now appeals to this Court and complains that the trial court committed several reversible errors in the trial of the case, including the following.
It is said that the indictment is insufficient to charge kidnapping as alleged under Section 2238, Mississippi Code 1942 Annotated (1956). The crime for which the defendant was held occurred on March 4, 1972. On the afternoon of March 15, 1972, the defendant was presented with an indictment in Cause No. 7530. This indictment added language not included in a prior indictment. A motion for continuance of the trial under the new indictment was overruled on March 17, 1972. Whereupon, a demurrer to the last indictment was filed and overruled. On March 20, 1972 a motion to quash the indictment was filed, presented and overruled. The case was tried on March 21, 1972.
The indictment, leaving out the formal parts, is in the following words and figures:
"The Grand Jurors ... upon their oaths present that FLOYD AIKERSON ... on or before the 13th day of March, A.D., 1972, ... did willfully, feloniously and without lawful authority forcibly seize and confine one Mary Angelo, a human being, without the consent and against the will of the said Mary Angelo, contrary to the provisions of Section 2238 of the Mississippi Code of 1942. Contrary to the statute in *126 such cases made and provided and against the peace and dignity of the State of Mississippi."
It will be noted that the clause "with intent to cause such person to be secretly confined or imprisoned against his or her will" has been omitted in the indictment.
The demurrer to the indictment filed by the defendant has given us considerable concern and, although it is uncommon in that it seeks to have us interpret a statute by the use of an additional comma, it is, nevertheless, not without historical sanction.
The indictment purports to have been drawn to charge a violation of Section 2238, Mississippi Code 1942 Annotated (1956). This section, as it now appears in the Code, is in the following language:
"Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle, or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child shall on conviction suffer death or be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict, and the jury is authorized to so fix the punishment in its discretion; and, if the jury fails to agree on fixing the penalty at death or imprisonment for life, in the state penitentiary, the court shall fix the penalty at not less than one year or more than thirty years in the state penitentiary.
This act shall not be held to repeal, modify, or amend any other criminal statute of the state." § 2238, Miss.Code 1942 Ann. (1956).
It is in the exact language and is punctuated almost in the same way as it was in the Laws of 1932, Chapter 301, as approved May 16, 1932. In the Laws of 1932, a comma is missing after the word "life" as it appears in the fourth line from the bottom of the first paragraph in the above quote from Section 2238, Mississippi Code 1942 Annotated (1956).
It is pointed out by the attorney general that the preceding Code section, Section 2238, Mississippi Code 1942 Annotated (1956), is the statutory form of the common law offense of "kidnapping or false imprisonment" and, it is argued that all that is needed to charge the violation of the statute is sufficient words in the indictment to charge that the victim was deprived of his liberty without authority of law, citing Buckley v. State, 223 So.2d 524 (Miss. 1969).[1]
The appellant, however, reminds us that Section 2237, Mississippi Code 1942 Annotated (1956), as it appeared in the 1848 Code was in the following language:
"Kidnapping and its Punishment. Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other, with intent, either,
To cause such other person to be secretly confined or imprisoned in this state against his will: or,
To cause such other person to be sent out of this state against his will: or,
To cause such other person to be sold as a slave, or in any way held to service against his will:
Shall, upon conviction, be punished by imprisonment in the penitentiary, not exceeding ten years." Hutchinson's Miss. Code 1848, Chap. 64, Title III, § 27, p. 960.
It is apparent that this section was changed in Section 1171 of the Code of 1892 *127 leaving out the comma following "or shall inveigle or kidnap any other" (along with several other changes in punctuation). It is argued that if this comma were replaced in Section 2237, supra, and we read both statutes in pari materia,[2] it would then become obvious that Section 2238, supra, should read:
"Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will ... shall on conviction suffer death ... (etc.)"
This argument has considerable weight with this Court in view of the holding of other courts on the requirement that the indictment charge "with intent to cause such person to be secretly confined".[3]
We have held that the punctuation of a statute will not control the plain meaning of the statute and we will disregard punctuation in order to give effect to the plain intent of the statute. Dukate v. Adams, 101 Miss. 433, 58 So. 475 (1912). See 50 Am.Jur., Statutes, § 252, p. 248 (1944).
It is a general rule that in construing statutes this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view in enacting the law. The Court will then give effect to the intent of the legislature. State Highway Commission v. Coahoma County, 203 Miss. 629, 32 So.2d 555, 37 So.2d 287 (1947).
In the case of Sheffield v. Reece, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947) we said that we would give effect to the intent of the legislature in statutory law "[T]hough the interpretation may go beyond the letter of the law." See also Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844 (1922).
We have also said that we will not impute an unjust or unwise purpose to the legislature when any other reasonable construction can save it from such imputation. Gambrill v. Gulf States Creosoting Co., 216 Miss. 505, 62 So.2d 772 (1953). In construing statutes of doubtful meaning, we are required to consider the consequence of a particular construction as to whether the result of such construction is good or bad. L.H. Conard Furniture Co. v. Mississippi State Tax Commission, 160 Miss. 185, 133 So. 652 (1931).
In order to sustain the indictment to charge kidnapping in this case, we would be required to interpret Section 2238, Mississippi Code 1942 Annotated (1956) to read as follows:
"Any person who shall without lawful authority forcibly seize and confine any other person ... against his or her will ... shall on conviction suffer death or be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict, ..."
This would mean that any person who seized and held another in a fist fight or seized, hugged and kissed a woman without her consent, would be guilty of kidnapping. It is apparent that the legislature did not intend to inflict the death penalty for such minor offenses. Moreover, the first part of Section 2238, supra, is in almost the same words as the preceding Section 2237, Mississippi Code 1942 Annotated (1956), in which the legislature had fixed the punishment at a term of not to exceed ten (10) years in the penitentiary.
*128 We have said that this Court may resort to historical background of a statute to find its meaning. Robertson v. Texas Oil Co., 141 Miss. 356, 106 So. 449 (1925); White v. Miller, 162 Miss. 296, 139 So. 611 (1932). The historical common law meaning of the word "kidnapping" as stated by Blackstone is:
"... `[T]he forcible abduction and carrying away of a man, woman, or child from their own country and sending them to another.' 4 Black. Com. 259." Sutton v. State, 122 Ga. 158, 159, 50 S.E. 60 (1905).
It must be remembered that the title to both Sections 2237 and 2238, supra, is "Kidnapping" and historically, the meaning of "kidnapping" has been the unlawful seizure, detention, and removal of a person from one place to another for the purpose of secretly confining or imprisoning such person.
There is another section in our Code which indicates that confinement and removal are essential elements of the crime of kidnapping. Section 2426, Mississippi Code 1942 Annotated (1956) is in the following language:
"Every person who shall be accused of kidnapping may be indicted and tried either in the county where the offense may have been committed, or in any county into or through which any person so kidnapped or confined shall have been taken while under such confinement." (Emphasis added)
Section 71, Mississippi Constitution 1890, requires that "Every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject matter, or matters, of the proposed legislation." A presumption therefore arises that the legislature did that which it should have done and that the legislature intended to enact law on kidnapping.
The rule is well established by the judiciary in this country that where there is ambiguity in a statute under consideration, the title to the act may be resorted to as an aid to ascertain the legislative intent. See the many cases collected in 50 Am. Jur., Statutes, § 310, p. 298 (1944) and 82 C.J.S. Statutes § 350, p. 731 (1953).
A change in punctuation in the codification of a statute does not necessarily change the meaning of the act as it was originally written, and ordinarily it will not be deemed to have changed the meaning of the statute unless the intent of the legislature to do so is clear and unmistakable. Millwood v. State, 190 Miss. 750, 1 So.2d 582, (1941), 82 C.J.S. Statutes § 276(b), p. 464 (1953).
The loss of a comma in the codification of Section 2237, supra, does not change the intent of the legislature, and since the first part of Section 2238, supra, is obviously taken from Section 2237, supra, the meaning of the statute becomes clear by the use of a comma.
We are constrained, therefore, to hold that a comma should have been placed in Section 2238, Mississippi Code 1942 Annotated (1956) after "or shall inveigle or kidnap any other person(,)" so that the following clause "with intent to cause such person to be secretly confined or imprisoned against his or her will," is a part of the entire sentence and refers to "forcibly seize and confine" as well as to the clause "or shall inveigle or kidnap any other person." Moreover, it is clear that in order for one to be guilty of the crime of kidnapping, the victim must be unlawfully removed from a place where he has a right to be, to another place.[4]
*129 The indictment in the instant case does not charge the crime of kidnapping under either of the two sections of our Code (Section 2237 and 2238, supra) and, therefore, the demurrer to the indictment should have been sustained, and the defendant held for further investigation by the grand jury.
We have not commented on the testimony in this case, because the case must be retried under a new charge. In order to prevent other errors, however, we point out that the facts shown in the record on appeal, as developed in this case, do not come within the meaning of kidnapping as defined by our Mississippi Code sections above shown (Sections 2237 and 2238, supra).
We hold that the defendant was not charged with kidnapping; therefore, the judgment and sentence of the trial court are reversed and the defendant held to answer a proper charge.
Reversed and defendant held to answer proper charge.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.
NOTES
[1] See 51 C.J.S. Kidnapping § 5(a), p. 507 (1967); Doss v. State, 23 Ala.App. 168, 123 So. 237 (1929), Cert. Den. 220 Ala. 30, 123 So. 231, 68 A.L.R. 712 (1929); Gordon v. State, 145 So.2d 896 (Fla.App. 1962).
[2] In determining the intent of the legislature all statutes enacted on the same subject must be construed together so as to indicate the policy of the legislature in the whole subject. Clarksdale Bldg. & Loan Assn. v. Board of Levee Comm'rs., 168 Miss. 326, 150 So. 783 (1933).
[3] See Note 1, supra.
[4] We are cognizant of our holding in Brooks v. State, 236 So.2d 751, 754 (Miss. 1970), in which we said: "This statute treats three aspects relating to kidnapping. These components are not conjunctive but disjunctive." We do not feel that the holding in Brooks is adverse to our holding in the instant case as to punctuation of the statute.