338 So.2d 1236 (1976)
Julian CUEVAS
v.
STATE of Mississippi.
No. 49213.
Supreme Court of Mississippi.
November 9, 1976.
*1237 Dannye L. Hunter, Forest, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
PATTERSON, Presiding Justice, for the Court:
Julian Cuevas was convicted of kidnapping and sentenced to thirty years in the state penitentiary. He appeals from this conviction and sentence by the Circuit Court of Scott County. The present issue is whether asportation was sufficiently proved to sustain the charge of kidnapping.
On the morning of April 17, 1975, Cuevas, a prisoner in the Scott County Jail, confronted Joe Townsend, the jailer, with a pistol and directed that he be accompanied downstairs to the sheriff's office. On reaching the office Townsend escaped, leaving Cuevas in the presence of several people, one of whom was Donald Gladney, a highway patrolman. Cuevas forced Gladney to accompany him to an automobile in a nearby lot where Gladney also escaped.
Cuevas then crossed the street to a building occupied by an automobile agency. He there encountered Hardin and McKee, employees of the agency, engaged in conversation at the service entrance to the building. He accosted them with the pistol demanding transportation, but before this could be accomplished, Jimmy Derrick arrived on the scene and McKee escaped. Hardin was then directed, at gunpoint, to the "parts department" of the building where he and another employee were held as Cuevas' prisoners for nearly two hours. During this time they were visible through a plate glass window.
Once inside, Cuevas spoke to someone on the telephone, apparently his wife, and during this conversation advised his victims: "If my wife says turn you all loose, I will turn you loose. If she says kill you, I will kill you." No other threats were directed to the hostages although both later expressed continuing fear for their lives during the ordeal.
The sheriff responded to the situation and in conjunction with a minister finally succeeded in effectuating Cuevas' surrender by assurances of safe conduct to the county jail. The appellant was convicted for kidnapping Hardin, precipitating this appeal.
The record reveals that Hardin was directed at gunpoint to move from the entrance of the service department to the "parts department" of the building. The distance is uncertain, but was confined to the premises occupied by the automobile agency.
In support of his contention that an essential of kidnapping had not been proved because Hardin was not removed from the premises, the case of Aikerson v. State, 274 So.2d 124 (Miss. 1974), is cited. In Aikerson the appellant was charged with kidnapping *1238 by an indictment designating the unlawful acts, "... did ... forcibly seize and confine one Mary Angelo, a human being, without the consent and against the will of the said ..." We noted particularly that a clause of the kidnapping statute, "with intent to cause such person to be secretly confined or imprisoned against his or her will," was omitted from the indictment. We observe no such omission in this indictment. Aikerson dealt largely with the construction of our kidnapping statute necessitated by the omission of a "comma" in the enactment leaving the legislative intention somewhat ambiguous. We held the "comma" could be inserted by the Court in order to make the legislative intention clear, stating:
We are constrained, therefore, to hold that a comma should have been placed in Section 2238, Mississippi Code 1942 Annotated (1956) after "or shall inveigle or kidnap any other person (,)" so that the following clause "with intent to cause such person to be secretly confined or imprisoned against his or her will," is a part of the entire sentence and refers to "forcibly seize and confine" as well as to the clause "or shall inveigle or kidnap any other person." Moreover, it is clear that in order for one to be guilty of the crime of kidnapping, the victim must be unlawfully removed from a place where he has a right to be, to another place. (274 So.2d at 128) (Emphasis added.)
The argument for reversal is simply that no kidnapping occurred because Cuevas did not remove Hardin from the premises of his employment, a place where he had a right to be, to another place.
He contends this Court, through Aikerson, supra, adopted a rule whereby a peripatetic kidnapper, foiled by circumstances, who cannot transport his victim beyond the locale in which he is forcibly detained, has not committed the crime of kidnapping under Mississippi Code Annotated section 97-3-53 (Supp. 1974). We do not understand Aikerson to support this rationale though we did state: "The victim must be unlawfully removed from a place where he has a right to be, to another place." The argument overlooks another clause of the statute, "with intent to cause such [other] person to be secretly confined or imprisoned against his or her will," which, to reiterate, was omitted from the indictment in Aikerson. That indictment was therefore invalid because it did not charge confinement or imprisonment against the victim's will as specified in the statute nor did it include reference to asportation, a common law essential of kidnapping. It was therefore demurrable as an indictment for kidnapping, We are not confronted with similar circumstances because the present indictment charges "imprisonment against the will of Charles Hardin," and therefore the question of asportation is not as critical to the validity of this indictment as it was in Aikerson. We are of the opinion the evidence was sufficient to support Cuevas' conviction of kidnapping.
Moreover, the present trend by most authorities is not the distance of asportation in kidnapping, but rather the fact of asportation as it relates to the unlawful activity. If forcible detention or movement is merely incidental to a lesser crime than kidnapping, such confinement or movement is insufficient to be molded into the greater crime of kidnapping. An illustration might well be a strong-armed robbery where the victim is detained and perhaps moved a few feet while being relieved of his wallet. The detention and movement would not support kidnapping albeit with force and unlawful. On the other hand, if the confinement or asportation be not merely incidental to a lesser crime, but a constituent part of the greater crime, the fact of confinement or asportation is sufficient to support kidnapping without regard to distance moved or time of confinement.
Cuevas' purpose in seizing and detaining Hardin was obviously to make good his escape. The detention was not merely incidental to another and lesser crime. It was a necessary constituent of the crime. The confinement and movement of Hardin by force from the service entrance of the building to the parts department of the *1239 building was sufficiently proved to support Cuevas' conviction. See People v. Adams, 389 Mich. 222, 205 N.W.2d 415 (1973), for a well-reasoned case persuasive to the above point of view.
The other assignments of error relate to the same issue and are disposed of by the above statements.
AFFIRMED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., took no part.