THOMAS, J.,
for the Court.
¶ 1. William Dwayne Salter, represented by counsel, appeals an order of the Circuit Court of George County denying his petition for post-conviction relief. Aggrieved, Salter asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN ACCEPTING SALTER’S PLEAS OF GUILTY TO KIDNAPING AS THERE WAS NO FACTUAL BASIS FOR THE COURT’S ACCEPTANCE OF SAID PLEAS AND THE CONFINEMENT *414 OF THE ALLEGED VICTIMS WAS CLEARLY INCIDENTAL TO THE ROBBERY AND DID NOT CONSTITUTE KIDNAPING.
II. SALTER WAS NOT AFFORDED MINIMAL DUE PROCESS AT HIS SENTENCING HEARING AND WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.
III. THE TRIAL COURT ERRED IN FAILING TO MAKE SURE SALTER HAD KNOWLEDGE OF THE CRITICAL ELEMENTS OF THE CHARGES AGAINST HIM AND TO MAKE SURE THAT HE FULLY UNDERSTOOD THE CHARGES AGAINST HIM.
FACTS
¶ 2. William Dwayne Salter was indicted on July 17, 2000, for burglary, two counts of armed robbery and four counts of kid-naping. This indictment was based upon evidence that Salter had broken into the First State Bank of Lucedale, Mississippi. Once inside the bank, Salter waited for the bank employees to arrive. Once the employees arrived, Salter held the employees at gun point, forced three of them into the vault where he made them lie on the floor, stole $37,000 from the bank, and then intimidated one of the employees into giving him her car keys. Salter then used her car to escape.
¶ 3. On April 16, 2001, Salter pled guilty to the charges brought against him in the Circuit Court of George County. The trial court questioned Salter and found that he had earned his G.E.D. and had taken two years of college courses, that he understood the constitutional rights he was waiving by pleading guilty, that he understood the maximum and minimum sentences he could receive, and that he had not been promised or coerced into pleading guilty. The trial court also questioned Salter regarding the factual basis for the plea.
¶ 4. The bank employees who were the victims of Salter’s crimes were then heard by the trial court. The prosecution presented evidence regarding Salter’s detailed sketch of the bank as well as the help he had provided investigators regarding the remaining money and stolen vehicle as well as showing them how he gained access to the bank through the roof. After the trial court accepted Salter’s plea as voluntarily and intelligently entered, Salter’s counsel then requested a pre-sentence investigation and pointed out that Salter had a psychiatric history. Salter’s counsel did not attempt to show that Salter was incompetent or insane, but that he had cooperated with the investigation and was trying to rehabilitate himself. The trial court examined Salter’s previous medical history and Salter testified that he had been in the hospital for taking “some pills.”
¶ 5. The trial court denied the motion for a pre-sentence report. Salter was sentenced to four thirty-year concurrent sentences on the kidnaping and armed robbery charges, and a seven year consecutive sentence for burglary to be served in the custody of the Mississippi Department of Corrections. On April 15, 2002, Salter filed a motion for post-conviction relief which was summarily denied by the trial court. The trial court found that there was no basis for relief, based upon the transcript of Salter’s guilty plea hearing. From that denial of relief, Salter perfected his appeal to this Court.
ANALYSIS
I. DID THE TRIAL COURT ERR IN ACCEPTING SALTER’S PLEAS OF GUILTY TO KIDNAPING AS THERE WAS NO FACTUAL BASIS FOR THE COURT’S ACCEPTANCE OF SAID PLEAS AND THE CONFINEMENT *415 OF THE ALLEGED VICTIMS WAS CLEARLY INCIDENTAL TO THE ROBBERY AND DID NOT CONSTITUTE KIDNAPING?
¶ 6. Salter asserts that there was no factual basis for the kidnaping charges against him and that the trial court erred in accepting his guilty pleas to said charges. According to Salter, the kidnap-ing was merely incidental to the commission of the armed robbery, and was not a separate and distinct crime. In support of his argument, Salter points this Court to Cuevas v. State, 338 So.2d 1236 (Miss.1976). In that case, Cuevas was a prisoner that escaped from the Scott County Jail. Id. at 1237. During his escape, Cuevas entered an automobile agency and took one of the employees at gunpoint from the service department of the dealership to the parts department. Id. The Mississippi Supreme Court held:
If forcible detention or movement is merely incidental to a lesser crime than kidnapping, such confinement or movement is insufficient to be molded into the greater crime of kidnapping. An illustration might well be a strong-armed robbery where the victim is detained and perhaps moved a few feet while being relieved of his wallet. The detention and movement would not support kidnapping albeit with force and unlawful. On the other hand, if the confinement or asportation be not merely incidental to a lesser crime, but a constituent part of the greater crime, the fact of confinement or asportation is sufficient to support kidnapping without regard to distance moved or time of confinement.
Id. at 1238.
¶ 7. The question at bar, therefore, is whether Salter’s actions were incidental to a lesser crime or were a constituent part of the greater crime. According to Salter’s own testimony, he put the employees of the bank in the vault so that he could effectuate his escape and was armed with a handgun at the time he did so. Several bank employees testified that they were taken at gunpoint, forced into the bank vault, and made to lie down on the floor. One employee testified that she thought she was about to be killed when Salter made her lie face down on the floor of the vault. Before leaving, Salter closed the bank vault door.
¶ 8. Mississippi Code Annotated Section 97-3-53 (Rev.2000) directs that kidnaping occurs when “any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will.” By taking the employees against their will to the bank vault, Salter fulfilled this definition. As stated in Cuevas, the distance of asportation is not important, but rather the fact of asportation as it relates to the unlawful activity. Cuevas, 338 So.2d at 1238. Salter did not merely move the employees a few feet as he took the money. He took them at gunpoint and forced them into the confined area of the bank vault and forced them to lie on the ground, and shut the door on them as he left.
¶ 9. The trial court did not err in accepting Salter’s guilty plea in regard to the charge of kidnaping. This issue is without merit.
II. WAS SALTER NOT AFFORDED MINIMAL DUE PROCESS AT HIS SENTENCING HEARING AND EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING?
¶ 10. Salter argues that he was denied effective assistance of counsel at his sentencing hearing, because both he and *416 his mother were willing to testify regarding his mental health and provide mitigating evidence before sentencing. Salter’s trial counsel made a motion for a pre-sentence investigation which was denied. According to Salter, nothing else was said on the matter despite the fact that both he and his mother were available and willing to testify. The record, however, shows that the trial judge asked Salter’s counsel what information a pre-sentence investigation would provide. Salter’s counsel then spoke at length about Salter’s mental health and mitigating evidence. The trial court then questioned Salter briefly, and determined that there was nothing else to be gained from a pre-sentence investigation and denied the motion.
¶ 11. In order to prove ineffective assistance of counsel, Salter must establish by a preponderance of the evidence that (1) counsel’s performance was defective, and (2) that defect was so deficient that it prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). Salter faces a strong yet rebuttable presumption that counsel performed adequately, and he must show a reasonable probability that barring counsel’s errors, the result of the trial would have been different. Moody, 644 So.2d at 456. This Court looks at the totality of the circumstances, with deference towards counsel’s actions, to find a factual basis for the claim. Id. Should we find that Salter’s counsel was ineffective, the appropriate remedy is remand for a new trial. Id.
¶ 12. Salter has failed to show that his counsel’s performance was ineffective or that he was prejudiced as required for him to show under the test set forth in Strickland. Salter’s counsel did attempt to mitigate Salter’s sentence by informing the judge of the “circumstances surrounding the incident” as Salter stated in his affidavit. The trial court was well informed of Salter’s prior problems. This issue is without merit.
III. DID THE TRIAL COURT ERR IN FAILING TO MAKE SURE SALTER HAD KNOWLEDGE OF THE CRITICAL ELEMENTS OF THE CHARGES AGAINST HIM AND THAT HE FULLY UNDERSTOOD THE CHARGES AGAINST HIM?
¶ 13. Salter alleges that the trial court erred in failing to make sure he had full knowledge of the critical elements of the charges against him. The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct.App.2002). A plea is considered “voluntary and intelligent” if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “Admission of guilt is not a constitutional requirement for a guilty plea.” Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). “What is required is an intelligent and voluntary plea and an independent evidentiary suggestion of guilt.” Id.
¶ 14. Salter was able to meet with counsel and go over the indictment of the charges against him. The trial court questioned Salter on the record fulfilling the requirements of Uniform Rules of Circuit and County Court Practice 8.04(A)(4). At the time of trial, Salter was thirty years old, had completed the eleventh grade, obtained his G.E.D., attended two years of college courses, and indicated he was not under the influence of any medication, alcohol, or drugs. Salter testified that he was indeed pleading guilty to the charges read to him and also testified regarding his actions at the bank, as did several wit *417 nesses. Salter has failed to meet his burden of proof. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., KING, P.J., AND CHANDLER, J.