# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00523-COA

**WILLIAM DWAYNE SALTER A/K/A WILLIAM SALTER**                                           APPELLANT

v.

**STATE OF MISSISSIPPI**                                           APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2014 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM DWAYNE SALTER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     William Dwayne Salter (pro se) filed a third petition for post-conviction relief (PCR) with the Circuit Court of George County.  The trial court dismissed Salter's petition.  We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On April 16, 2001, Salter pled guilty to burglary, armed robbery, and kidnapping. Salter was sentenced to six thirty-year concurrent sentences on four counts of kidnapping and two counts of armed robbery, and a seven-year consecutive sentence for burglary, all to be

served in the custody of the Mississippi Department of Corrections.

¶3. At the plea hearing, Salter was represented by Fred Dobbins, who is now deceased. The trial court questioned Salter and determined that he understood the constitutional rights he was waiving by pleading guilty, that he understood the maximum and minimum sentences he could receive, and that he had not been promised anything or coerced into pleading guilty. *Salter v. State*, 876 So. 2d 412, 414 (¶3) (Miss. Ct. App. 2003).

¶4. Following Salter's conviction, he retained a new attorney, Robert Knockel, for the purpose of seeking PCR. On April 15, 2002, Salter filed a PCR petition contending that (1) the kidnapping was merely incidental to the commission of the armed robbery and not a separate and distinct crime; (2) he was denied effective assistance of counsel at his sentencing, because he and his mother were willing to testify regarding his mental health and provide mitigating evidence before sentencing; and (3) the trial court failed to make sure he had full knowledge of the critical elements of the charges against him. *Id.* at 413-14, 415-16 (¶¶1, 10). The trial court denied relief and this Court affirmed. *Id.* at 417 (¶15). We found that Salter failed to show that his counsel's performance was deficient or that he was prejudiced, as required by the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Salter*, 876 So. 2d at 416 (¶12).

¶5. On April 3, 2009, Salter, pro se, filed a second PCR petition. He contended that his guilty plea was involuntary and that his trial counsel was ineffective because both his trial attorney and the trial court misinformed him about his eligibility for parole and earned-time release. *Salter v. State*, 64 So. 3d 514, 517 (¶6) (Miss. Ct. App. 2010). Salter claimed he

2

would have opted to proceed to trial instead of pleading guilty had he been informed that he was not eligible for parole and earned-time release. *Id.* The trial court dismissed the petition as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp. 2014). *Salter*, 64 So. 3d at 515 (¶1).

¶6. On appeal, Salter argued that the newly-discovered-evidence exception to the procedural bar was applicable because he spent approximately eight years in prison thinking he would become eligible for parole and earned time after his tenth year. *Id.* at 516 (¶13). He claimed he was first informed that he was not eligible for parole and earned time during the eighth year of his sentence when he began asking questions about what he thought was an upcoming parole hearing. *Id.* Salter also argued that his claims of ineffective assistance of counsel and an involuntary guilty plea invoked the fundamental-right exception to the procedural bars. *Id.* at 517-18 (¶14).

¶7. As to Salter's newly-discovered-evidence argument, we held: "The concept of newly discovered evidence does not embrace a prisoner's untimely realization that legal errors occurred at his trial. Accordingly, we have held that a prisoner's failure to understand the law until conducting research into his case does not constitute newly discovered evidence." *Id*. at 517 (¶13) (quoting *Pickle v. State*, 942 So. 2d 243, 246 (¶12) (Miss. Ct. App. 2006)). As to Salter's fundamental-right argument, we found that "[t]he supreme court has held that claims of ineffective assistance of counsel and involuntary guilty pleas are indeed subject to the procedural bars." *Id.* at 518 (¶14) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Accordingly, we found that Salter's petition was procedurally barred as a successive

3

writ under section 99-39-23(6) and time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014). *Salter,* 64 So. 3d at 517-18 (¶¶12, 15).

¶8. On December 10, 2012, Salter filed a third PCR petition. Salter contended that his trial counsel and PCR attorney were ineffective. Salter argued that the intervening decision of *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), served as an exception to the procedural bars. The trial court concluded that *Martinez* would not adversely affect either Salter's conviction or sentence. The trial court denied the petition and found that it was barred as a successive writ under section 99-39-23(6) and barred by res judicata.

¶9. We find that Salter's petition is time-barred and successive-writ barred, and no exception is applicable to overcome the procedural bars; thus, we affirm. Although not necessary to our decision because the time-bar and successive-writ bar are dispositive, we note that the petition is also barred by res judicata.

## STANDARD OF REVIEW

¶10. A trial court's dismissal of a PCR petition will not be reversed absent a finding that the trial court's decision was clearly erroneous. *Wilson v. State*, 76 So. 3d 733, 735 (¶9) (Miss. Ct. App. 2011). However, when issues of law are raised, the proper standard of review is de novo. *Id.* The trial court may summarily dismiss a PCR petition where it plainly appears from the face of the petition, any annexed exhibits, and the prior proceedings in the case that the petitioner is not entitled to any relief. Miss. Code Ann. § 99-39-11(2) (Supp. 2014). This Court will affirm the summary dismissal of a PCR petition if the petitioner fails to demonstrate a claim procedurally alive substantially showing the denial of a state or

4

federal right. *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011).

## DISCUSSION

¶11. Salter argues that the trial court erred by (1) failing to accept *Martinez* as an intervening decision as described in section 99-39-5(2)(a)(i) and section 99-39-23(6); (2) applying the res judicata doctrine to his ineffective-assistance claim; and (3) failing to accept the "previously acknowledged ineffective-assistance claim [regarding] the trial counsel, sentencing court[,] and paid attorney who filed the first [PCR petition,] meeting the two prong test of *Strickland v. Washington*." Finding no error, we affirm the trial court's judgment.

### I. Whether the intervening-decision exception applies to the procedural bars.

¶12. Under section 99-39-5(2), a PCR petition challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. An exception to the time-bar found in section 99-39-5(2) provides:

> That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]

Miss. Code Ann. § 99-39-5(2)(a)(i).

¶13. It is settled that "a state may attach reasonable time limitations to the assertion of federal constitutional rights." *Austin v. State,* 863 So. 2d 59, 62 (¶7) (Miss. Ct. App. 2003); *see also Cole v. State*, 608 So. 2d 1313, 1319-20 (Miss. 1992). "Our case law has repeatedly

held that once a prisoner's claims are time[-]barred, they must fall into one of the enumerated exceptions to remain viable." *Austin*, 863 So. 2d at 61 (¶6) (citing *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992)).

¶14.    Moreover, section 99-39-23(b) provides in part that "[t]he order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." The petitioner "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013). The enumerated exceptions to the successive-writ bar stated in section 99-39-23(6) are as follows:

> Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.

¶15.    Salter argues that *Martinez,* 132 S. Ct. 1309, serves as an intervening decision by the United States Supreme Court that actually adversely affects the outcome of his conviction or sentence and serves as a basis for finding an exception to the time-bar and successive-writ bar. In *Martinez*, the Supreme Court decided the narrow issue of "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. The petitioner in *Martinez* was convicted under Arizona law,

6

which requires claims of ineffective assistance to be raised in state collateral proceedings rather than on direct appeal. *Id.* On appeal, the petitioner's attorney failed to raise ineffective assistance of trial counsel in the initial collateral proceedings. *Id.* The petitioner, represented by a different attorney, filed a second notice of post-conviction relief. *Id.* at 1314. The state court dismissed the ineffective-assistance claim because it was not raised in the first proceeding. *Id.* The petitioner's request for federal habeas relief was denied based on the state procedural bar and the decision rendered in *Coleman v. Thompson*, 501 U.S. 722, 753-754 (1991), which held that an attorney's errors in post-conviction proceedings do not establish cause for a default. *Martinez*, 132 S. Ct. at 1315.

¶16.    However, the Supreme Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

¶17.    Various state appellate courts have addressed the holding in *Martinez* in the context of state procedural bars in PCR proceedings. For example, in *Kelly v. State*, 745 S.E.2d 377, 377 (S.C. 2013), the South Carolina court concluded: "Like other states, we hereby recognize that the holding in *Martinez* is limited to federal habeas corpus review and is not applicable to state post-conviction relief actions." *See also Escareno-Meraz*, 307 P.3d 1013, 1014 (Ariz. Ct. 2013) (concluding that "*Martinez* does not alter established Arizona law" that a defendant is not entitled to effective assistance of counsel in PCR proceedings); *Gore v.*

7

*State*, 91 So. 3d 769, 778 (Fla. 2012) ("It appears that *Martinez* is directed toward federal habeas proceedings and is designed and intended to address issues that arise in that context.")*; Martin v. State*, 386 S.W.3d 179, 185-86 (Mo. Ct. App. 2012) ("*Martinez* speaks only to federal habeas corpus procedure and does not establish a constitutional right to the effective assistance of post-conviction counsel."); *State v. Hessler*, 850 N.W.2d 777, 786 (Neb. 2014) ("*Martinez* did not recognize a constitutional right to effective assistance of postconviction counsel. Based upon principles of equity, it expanded only the types of cause permitting a federal habeas court to excuse a procedural default in a federal habeas proceeding. Nothing in *Martinez* prevents state courts from enforcing procedural defaults in accordance with state law."); *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. Ct. 2013) ("While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time-bar set forth in [Pennsylvania's post-conviction act].").

¶18.   We agree that the holding in *Martinez* is limited to the federal habeas corpus proceedings and does not apply to state post-conviction proceedings. Consequently, Salter's petition is time-barred under section 99-39-23(6) and procedurally barred as a successive writ under section 99-39-27(9).

## II.   Whether a fundamental-right exception applies to the procedural bars.

¶19.   Salter again argues that his fundamental rights have been violated because his trial counsel and PCR counsel were ineffective. Errors affecting fundamental constitutional rights are excepted from procedural bars. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App.

2013). However, merely raising a claim of ineffective assistance of counsel is not enough by itself to overcome the procedural bar. *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996).

¶20. Notably, Salter misstates this Court's opinion in his previous appeal. Salter claims that this Court "acknowledged" the ineffectiveness of his trial counsel and PCR counsel. To the contrary, this Court stated that, "[h]ad Salter raised this issue in his first petition for post-conviction collateral relief, it appears that he would have been entitled to an evidentiary hearing." *Salter*, 64 So. 3d at 517 (¶11). This Court did not acknowledge that Salter's counsel was ineffective, as Salter suggests, because the merits of his ineffective-assistance claim were not before the Court due to the time-bar and successive-writ bar.

¶21. Where a petitioner asserts a fundamental right, the courts must address the merits of the PCR petition regardless of procedural bars. *Id*. at 518 (¶14). "However, the supreme court has held that claims of ineffective assistance of counsel and involuntary guilty pleas are indeed subject to the procedural bars." *Id.* (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)).

¶22. The supreme court has not held that an ineffective-assistance-of-counsel claim invokes a "fundamental right" that circumvents all procedural bars that apply to PCR petitions. *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014). In Mississippi, since *Rowland*, only four types of "fundamental rights" have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws. *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014).

Therefore, no fundamental-right exception applies to overcome the procedural bars, and we must conclude that Salter's third PCR petition was correctly dismissed by the trial court.

¶23.    Salter also argues that his PCR counsel was deficient for failing to raise a theory of ineffective assistance regarding his trial counsel allegedly misinforming him about his eligibility for parole in his first PCR petition.  However, the Mississippi Supreme Court has not recognized a general right to the assistance of PCR counsel in every criminal case. *Grayson v. State*, 118 So. 3d 118, 126 (¶14) (Miss. 2013).  Moreover, a PCR petitioner must allege facts pointing toward counsel's deficient performance with "specificity and detail." *Kinney v. State*, 737 So. 2d 1038, 1041 (¶8) (Miss. Ct. App. 1999) (citing *Cole v. State*, 666 So. 2d 767, 777 (Miss. 1995)).  Here, Salter has simply alleged that his PCR counsel failed to raise a theory of ineffective assistance without providing any factual basis for this allegation with specificity and detail.  In PCR cases, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit" *Brooks v. State*, 89 So. 3d 626, 628 (¶6) (Miss. Ct. App. 2011) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).  Salter failed to produce his own affidavit, or any affidavit for that matter, in support of his ineffective-assistance claim regarding his PCR counsel.  The only affidavits in the record pertain to the assistance of his trial counsel.  Thus, this issue is without merit.

### III.    Whether res judicata bars Salter's third PCR petition.

¶24.    Although it is not necessary for us to reach this issue because the time-bar and successive-writ bar are dispositive, we agree with the trial court that Salter's claims are also barred by res judicata.  "Essentially, an appellant is granted one bite at the apple when

requesting post-conviction relief." *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009). "A person who requests post-conviction relief is obligated to place before the court all claims known to him and/or of which he should have had knowledge." *Rochell v. State*, 913 So. 2d 993, 994 (¶6) (Miss. Ct. App. 2005) (citing *Smith v. State*, 648 So. 2d 63, 66 (Miss. 1994)). The failure to do so results in a loss of his claims for a second or successive petition. *Id.* Indeed, "the supreme court has held that the principle of res judicata applies in the context of PCR [petitions]." *Riley*, 150 So. 3d at 140 (¶8) (citing *Jones v. State*, 119 So. 3d 323, 326 (¶9) (Miss. 2013)). Res judicata prevents the litigation of claims that "were made or should have been made" during previous litigation. *Id.* (citing *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009)).

¶25.    In *Smith v. State*, 149 So. 3d 1027, 1032 (¶13) (Miss. 2014), the Court determined that "claims of constitutional dimensions are . . . excepted from common-law res judicata." However, no claims of constitutional dimensions are applicable in this case to except Salter's claims from common-law res judicata. Therefore, we agree with the trial court that this petition is also barred by res judicata. Salter's third petition raises the identical issues of ineffective assistance of counsel that were raised in his second petition. Nothing prevented Salter from inquiring about his eligibility for parole within three years of his conviction and bringing his additional theory of ineffective assistance when he filed first PCR petition, especially since he argued a different theory of ineffective assistance in that petition. As such, Salter's third petition is also barred by res judicata because the issues he raises in this appeal could have and should have been raised in his first PCR petition.

11

¶26. **THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**