KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 22. I respectfully concur in part and dissent in part. I agree with the majority's decision to remand for the Circuit Court of Marshall County to order the Mississippi Department of Corrections (MDOC) to correct its error in calculating Thomas's sentences in a manner inconsistent with the sentencing orders. I disagree that
 Thomas is granted no relief on his claim that he is entitled to trusty time and meritorious earned time when he has served his kidnapping sentence. I would find that, because Thomas's kidnapping of his own children was lacking any sexual aspect, there is no rational basis for the MDOC to classify him as a sex offender under Mississippi Code Section 45-33-23(h)(i).
 

 ¶ 23. After killing his ex-wife, Thomas kidnapped their two children. He pled guilty to manslaughter and kidnapping, and he was sentenced to twenty years for manslaughter and fifteen years for kidnapping, with the kidnapping sentence to run consecutively to the manslaughter sentence. During the guilty plea colloquy, Thomas acknowledged that the kidnapped children had been under the age of sixteen. But no facts were adduced or even suggested to show that Thomas's act of kidnapping his children had any sexual motive, involved any sexual acts, or had any sexual component whatsoever.
 

 ¶ 24. The crime of kidnapping, in itself, is not a sex crime. Kidnapping is codified at Mississippi Code Section 97-3-53, which provides that "[a]ny person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be confined or imprisoned against his or her will" is guilty of kidnapping.
 
 Miss. Code Ann. § 97-3-53
 
 (Rev. 2014). However, Mississippi Code Section 45-33-23(h) provides that a " 'Sex offense' or 'registrable offense;' means any of the following offenses: ... (i) Section 97-3-53 relating to kidnapping, if the victim was below the age of eighteen (18)."
 
 Miss. Code Ann. § 45-33-23
 
 (h) (Rev. 2015). Under Mississippi Code Section 47-7-3(1)(b), a person convicted of a sex offense "shall not be released on parole," and under Section 47-7-3(2), such a person shall not be eligible for "earned time, good time or any other administrative reduction of time[.]"
 
 Miss. Code Ann. § 47-7-3
 
 (1)(b) (Rev. 2015);
 
 Miss. Code Ann. § 47-7-3
 
 (2) (Rev. 2015). The majority concludes that, under the above statutes, Thomas's kidnapping conviction is categorized as a sex offense; therefore, he is ineligible for parole or any reduction in his sentence.
 

 ¶ 25. I find it problematic that Thomas has been denied early release due to his classification as a sex offender when no factual basis has been established that his crime of kidnapping his children had any sexual aspect or ramification. I would find that Section 45-33-23(h)(i) is unconstitutional as applied to Thomas. Under the Fourteenth Amendment of the United States Constitution, the State shall not "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. Amend. XIV. The Mississippi Constitution also affords due process protections. Miss. Const. Art. 3, § 14 ("[n]o person shall be deprived of life, liberty, or property except by due process of law."). Thomas is not a member of a suspect class and the State's denial of the possibility of early release does not implicate a fundamental right.
 
 See
 

 Bosarge v. State
 
 ,
 
 141 So.3d 24
 
 , 27 (Miss. Ct. App. 2014) (the State's denial of earned time and trusty time did not trigger heightened scrutiny). Therefore, under the federal and state due process clauses, to pass constitutional muster, the application of Section 45-33-23(h)(i) to Thomas must be rationally related to a legitimate government interest.
 
 Wells by Wells v. Panola Cty. Bd. of Educ.
 
 ,
 
 645 So.2d 883
 
 , 893 (Miss. 1994).
 

 ¶ 26. There is no rational basis for classifying Thomas as a sex offender. Logically, the government has a legitimate interest in rescinding early release opportunities for sex offenders to protect the public from those who commit crimes of a sexual nature.
 

 The government also may have a legitimate interest in imposing heightened punishment on individuals who commit sex crimes. But Thomas's crime of kidnapping his minor children had no sexual aspect as an element of the crime.
 
 See
 

 Miss. Code Ann. § 97-3-53
 
 (Rev. 2014). And no factual basis was established at the plea hearing that Thomas's particular acts were sexual in nature. Thus, the legitimate government interests of protecting the public from sex offenders and imposing heightened punishment on such offenders are not served by Thomas's classification as a sex offender. Because Thomas's kidnapping crime lacked any sexual aspect, denying him the opportunity for early release does nothing to protect the public from a sexual predator. Nor does denying him early release result in the increased punishment of someone who has committed a crime of a sexual nature.
 

 ¶ 27. I observe that the State's classification of a person convicted of kidnapping as a sex offender based only on the fact that the victim is a child, with no requirement that the kidnapping had a sexual aspect, risks including a significant number of offenders whose crimes were not sexual in nature. As this case illustrates, not every child kidnapping involves a sexual motive or act. Child custody disputes may erupt in kidnapping charges, with the charged parent under threat of perpetual registration as a sex offender if convicted, although the kidnapping crime lacked any sexual motive, sexual act, or sexual aspect whatsoever.
 
 See
 

 Montalto v. Miss. Dep't of Corr.
 
 ,
 
 2017 WL 4340273
 
 , at *1 n.1 (S.D. Miss. 2017). Kidnapping charges have arisen in the context of business robberies where the robber has confined the business's employees or patrons, and it is easy to conceive of a scenario in which a business's patrons include children under eighteen years of age.
 
 See
 

 Salter v. State
 
 ,
 
 876 So.2d 412
 
 (Miss. Ct. App. 2003). A kidnapper might take a child for the sole purpose of holding him or her for ransom. Nothing justifies the classification of perpetrators of these nonsexual kidnappings as sex offenders, and the public gains nothing in the process. Because Thomas's kidnapping of his minor children was devoid of any sexual motive, act, or aspect whatsoever, I would find that Section 45-33-23(h)(i) is unconstitutional as applied to him.
 

 KING, J., JOINS THIS OPINION.