KING, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 27. Although I agree with the majority's conclusion that the State produced sufficient evidence to support Green's attempted murder conviction, I respectfully dissent from the majority's finding that the
 State produced sufficient evidence to support his kidnapping conviction. I would find that Green's act of moving Cathy from the bedroom of her house to the living room of her house merely was incidental to the attempted murder.
 

 ¶ 28. Green argues that, because his confinement of Cathy had no significance independent of his assault of Cathy, his kidnapping conviction should be reversed and rendered. "When assessing the legal sufficiency of a conviction, a reviewing court determines 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "
 
 Powell v. State
 
 ,
 
 249 So.3d 355
 
 , 361 (Miss. 2018) (quoting
 
 Cotton v. State
 
 ,
 
 144 So.3d 137
 
 , 142 (Miss. 2014) ). Pursuant to Mississippi Code Section 97-3-53, the crime of kidnapping is committed when
 

 Any person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be confined or imprisoned against his or her will ....
 

 Miss. Code Ann. § 97-3-53
 
 (Rev. 2014). However, when a confinement is merely incidental to a lesser crime than kidnapping, this Court has found that confinement to be insufficient to support a kidnapping conviction.
 
 Cuevas v. State
 
 ,
 
 338 So.2d 1236
 
 , 1238 (Miss. 1976). In
 
 Cuevas
 
 , this Court held,
 

 If forcible detention or movement is merely incidental to a lesser crime than kidnapping, such confinement or movement is insufficient to be molded into the greater crime of kidnapping. An illustration might well be a strong-armed robbery where the victim is detained and perhaps moved a few feet while being relieved of his wallet. The detention and movement would not support kidnapping albeit with force and unlawful. On the other hand, if the confinement or asportation be not merely incidental to a lesser crime, but a constituent part of the greater crime, the fact of confinement or asportation is sufficient to support kidnapping without regard to distance moved or time of confinement.
 

 Cuevas
 
 ,
 
 338 So.2d at 1238
 
 .
 
 [5]
 

 ¶ 29. Green's case is akin to the strong-armed robbery illustration in
 
 Cuevas
 
 . Here, Green did not remove Cathy from her house or transport her to any location outside of her own house. The Model Penal Code states that "a person is guilty of kidnapping
 
 if he unlawfully removes another from his place of residence
 
 or business, or
 
 a substantial distance
 
 from the vicinity where he is found, or if he unlawfully confines another for
 
 a substantial period
 
 in a place of isolation ...." Model Penal Code § 212.1 (Am. Law Inst. 2017) (emphasis added). Similarly, after an analysis of kidnapping laws in numerous jurisdictions, the United States Court of Appeals for the Third Circuit determined that four factors are used in each approach to kidnapping:
 

 (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether
 the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense.
 

 Gov't of Virgin Islands v. Berry
 
 ,
 
 604 F.2d 221
 
 , 227 (3d Cir. 1979).
 

 ¶ 30. The instant case involves no substantial duration of detention or asportation. Green's act of moving Cathy to the living room also created no significant danger to Cathy independent of Green's attempt to murder her. In fact, Green stated that when he became agitated with Cathy, he first went to his truck to retrieve his machete; he then came back into the house and commenced his assault on Cathy. Therefore, although the majority reasons that Green began his assault on Cathy only after the asportation was complete, Green already had commenced his attempted murder on Cathy when he walked into the house to the bedroom where Cathy was located. Because Green's removal of Cathy to the living room and his assault of Cathy are so interwoven, I believe that the removal was merely incidental to the attempted murder of Cathy. Accordingly, I would hold that, considering the evidence in the light most favorable to the verdict, the evidence was insufficient to support Green's kidnapping conviction. I would affirm his conviction of attempted murder.
 

 WALLER, C.J., AND KITCHENS, P.J., JOIN THIS OPINION.
 

 See also
 

 State v. Salamon
 
 ,
 
 287 Conn. 509
 
 , 545-46,
 
 949 A.2d 1092
 
 , 1119 (2008) ("Although [the cases cited above] involve varying statutory language and analyses, they share a common theme, namely, that it is unlikely that the legislature intended to expose an accused to a kidnapping conviction, and the severe sanctions accompanying such a conviction, when the restraint involved is merely incidental to the commission of a separate, underlying crime.").