848 So.2d 888 (2003)
Willie Earl RILEY a/k/a Willie E. Riley, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01291-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Certiorari Denied June 26, 2003.
*889 Willie Earl Riley, Pro Se, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
EN BANC.

ON MOTION FOR CLARIFICATION OR CORRECTION OF OPINION
KING, P.J., for the court.
¶ 1. The motion for clarification or correction of opinion is granted and the original opinion of this Court is withdrawn and this opinion is substituted therefor.
¶ 2. Willie Earl Riley, pro se, appeals an order of the Circuit Court of Holmes County, Mississippi denying his petition for post-conviction relief. Aggrieved, Riley perfected this appeal raising the following issues as error:
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE GUILTY PLEA OF RILEY AND IN DENYING HIM AN EVIDENTIARY HEARING.
II. WHETHER RILEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. On February 16, 1999, Riley was indicted for the crime of murder in violation of Miss.Code Ann. section 97-3-19(1)(a) for shooting his girlfriend. Riley entered a plea of guilty to the alleged offense before the trial judge on March 22, 2000, and was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. On July 12, 2001, Riley filed a motion for an evidentiary *890 hearing and summary judgment based upon a claim of ineffective assistance of counsel. There were no affidavits in support of any of Riley's allegations other than his own. The circuit court denied the motion in an order filed August 8, 2001. Riley appeals to this Court the circuit court's dismissal of his motion for evidentiary hearing and summary judgment.

ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE GUILTY PLEA OF RILEY AND IN DENYING HIM AN EVIDENTIARY HEARING.
¶ 4. In his first argument of this assignment of error, Riley asserts that the trial court erred in accepting his alleged involuntary guilty plea. He claims that he involuntarily pled because his counsel induced him to enter the plea. He further claims that this inducement resulted in the court imposing an illegal sentence. In determining whether the entry of a plea of guilty was properly accepted by the trial court, we are bound by the rule that the plea must be entered voluntarily and intelligently. Goss v. State, 730 So.2d 568, 573(¶ 20) (Miss.1998). In order for a plea to be voluntary, the plea must be "one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea." Stovall v. State, 770 So.2d 1019, 1020-21(¶ 7) (Miss.Ct.App.2000). After a careful review of the plea hearing, we find that Riley was thoroughly questioned on the record by the trial judge regarding Riley's understanding of the crime charged, the applicable sentencing, and the waiver of his constitutional rights. Confirming his understanding and intention to plead guilty, Riley stated that he had obtained a GED and could read and write, that he was thirty-four years old at the time of the plea, that he was aware of the charges and the applicable sentence, and that he understood his petition to enter a guilty plea. Riley also advised the court that he was not under the influence of any drugs or alcohol. In addition, Riley affirmatively responded that no one forced, coerced, or intimidated him to enter the guilty plea and that he was satisfied with the advice and counsel of his attorney.
¶ 5. The testimony at the plea hearing clearly showed that Riley's plea was voluntarily entered before the court. Review of the entire record did not expose any fact that would call into question the findings of the trial court. Riley had a rational mind and was in complete understanding of every matter that he was advised of by the court. More importantly, there was no indication that he was induced to enter the plea. Riley also presented no evidence to show that the court was aware of this alleged inducement. Without more, Riley's sworn statements made during the plea hearing must be presumed to be valid and, as such, those contrary assertions contained in his motion are considered merely a sham. Taylor v. State, 682 So.2d 359, 364 (Miss.1996).
¶ 6. As to Riley's claim that the court illegally sentenced him, he asserts that "the imposition of a life sentence is within the sole province of the jury and absent a jury recommendation of life imprisonment, the trial judge must sentence the defendant to a reasonable term expected to be less than life." He further claims that he was a first time offender and that a life sentence without parole could not be imposed upon a first time offender as a matter of law. He contends that the court lacked authority to impose such a sentence on a first time offender for a violation of Miss.Code Ann. section 97-3-19(1)(a) and that the court further lacked the authority to delete the parole provisions pursuant to *891 Miss.Code Ann. section 47-7-3(1), unless the appellant was properly adjudicated under mandatory provisions as an habitual criminal, which he claims he was not.
¶ 7. We must first note that upon review, the trial court did not delete any parole provisions. Riley was sentenced to a term of life, not a term of life without parole. Second, he was not adjudicated to be a habitual offender. More importantly, Mississippi Code Annotated § 97-3-21(Rev.2000) provides "[e]very person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary." Riley signed a petition to enter a guilty plea and did not present his case before a jury. Therefore, he was not entitled to a jury imposed sentence as asserted in his claim. Absent a jury trial, life was the only sentence available for his plea to the murder charge. Therefore, we find that the trial judge was authorized to impose such a sentence on Riley where he voluntarily entered a guilty plea to the court. Thus, we find no error in that the court properly accepted the plea and appropriately sentenced Riley.
¶ 8. In the next argument of this assignment of error, Riley asserts that the circuit court erred in denying his motion for an evidentiary hearing based on his ineffective assistance of counsel claim. He alleges that after his counsel informed him that the State would introduce an NCIC report and attempt to prosecute him as an habitual offender, he notified his counsel that this was his first crime and that the person in the NCIC report was a different person. He now argues that his counsel failed to investigate his status and that this failure induced him into entering the plea which resulted in an "illegal sentence." According to a review of the record, we find that these assertions are contrary to Riley's testimony to the court at the plea hearing. At the plea hearing, Riley claimed that he voluntarily entered the plea, that he was not influenced, or coerced to enter the plea, and that he was satisfied with his counsel's performance. The Mississippi Supreme Court has held that no evidentiary hearing is necessary when the testimony from the plea hearing is opposite the allegations for post-conviction relief. Taylor v. State, 682 So.2d 359, 364 (Miss.1996).
¶ 9. In addition, a trial court has considerable discretion in determining whether to grant an evidentiary hearing. Meeks v. State, 781 So.2d 109, 114(¶ 14) (Miss.2001). According to Miss.Code Ann. § 99-39-11 (Rev.2000), "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Miss.Code Ann. § 99-39-11 (Rev.2000). Furthermore this Court has stated,
when the prima facie showing that is a necessary prerequisite to an evidentiary hearing consists solely of the assertions of the movant himself, the trial court may disregard such assertions when they are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt.
Wilson v. State, 760 So.2d 862, 864(¶ 5) (Miss.Ct.App.2000).
¶ 10. In the present case, Riley has presented no evidence beyond his mere assertions and, as stated, the transcript of the plea acceptance hearing substantially contradicts these assertions. The trial judge, after his review of the petition to enter a guilty plea and the court file, clearly acted within his authority to rule on Riley's motion without an evidentiary hearing and did not abuse his discretion in relying on Riley's sworn testimony. *892 Simpson v. State, 678 So.2d 712, 716 (Miss. 1996); Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). Therefore, this assignment of error is without merit.

II. WHETHER RILEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. Riley asserts that his counsel advised him that the State would introduce an NCIC report and submit that he was an habitual offender. Riley also asserts that he replied to his counsel that he was a first time offender and that the individual in the NCIC report was a different person. Riley claims in this assignment of error that his counsel failed to investigate his assertion that he was not an habitual offender and that as a result he was induced into entering the guilty plea.
¶ 12. In order to prevail on the issue of ineffective assistance of counsel, the petitioner has the burden of proof to show (1) that the performance of counsel was deficient and (2) that the defendant was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The conduct of counsel is presumed to have been effective, although that presumption may be rebutted. Id. Therefore, our review of counsel's performance is deferential as we look to the totality of the circumstances. Gilley v. State, 748 So.2d 123, 129 (¶ 20) (Miss. 1999).
¶ 13. Upon review, there is no indication in the record that the performance of trial counsel fell below the standards set forth in Strickland. At the plea hearing, Riley confirmed that he was satisfied with his counsel's performance. Furthermore, the instant appeal is devoid of a demonstrative showing that his counsel's performance fell below an objective standard of reasonable professional service. He only alleges that his counsel informed him that he "could get more time if he presented his case before a jury."
¶ 14. Specifically, as to his claim that his attorney failed to investigate his claim, Riley only provides his birth certificate and the NCIC report and states that the compared dates of birth are different and that the full names are different. Riley provides nothing other than his assertion that his counsel did not perform his duties. Even if the information is accepted as true, at trial the State could have argued that Riley was the same person, falling under one of the given aliases on the NCIC report.
¶ 15. As to his claim that his counsel induced him into entering the plea, Riley provides nothing to indicate that he was induced. One role of an attorney is to explain the options the client has and then to pursue the options the client wants to take. In Blanch v. State, 760 So.2d 820, 825 (¶ 11) (Miss.Ct.App.2000), this Court stated that it could not find fault when an attorney had a candid discussion with his client where the attorney encouraged the client to plead guilty. Again, even if Riley's claim is taken as true, the information and the advice that his counsel provided does not rise to the level of ineffective assistance. The attorney's representation would have been deficient if the attorney had not discussed this with his client. See Id. Furthermore, Riley also confirmed that he was totally satisfied in all respects with the representation of his attorney. Thus, it is not the attorney's fault Riley decided pleading guilty would better serve his interests than a trial would.
¶ 16. In summary, Riley's claims are to the contrary of his sworn statements in both his petition to enter a guilty plea and those given during the plea colloquy. More importantly, Riley presented no evidence to support these claims. Riley was also appropriately sentenced. Therefore, *893 looking at the totality of circumstances, we find that the counsel's performance was effective. Gilley v. State, 748 So.2d 123, 129(¶ 20) (Miss.1999). Thus, this assignment of error is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.