GRIFFIS, P.J.,
for the Court:
¶ 1. Willie Earl Riley filed his fifth motion for post-conviction collateral relief. The Circuit Court of Holmes County dismissed the motion and found that it was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2011). We find no error and affirm.
FACTS
¶ 2. On February 16, 1999, Riley was indicted for the murder of his girlfriend, Ann Marie Weatherall, under Mississippi Code Annotated section 97-3-19(l)(a) (Rev.2006). On October 20, 1999, Riley pleaded guilty to murder and was sen *114 tenced to life in the custody of the Mississippi Department of Corrections.
¶ 3. On May 12, 2000, Riley filed his first motion for post-conviction collateral relief. The circuit judge entered an order that dismissed the motion. On May 26, 2000, Riley filed a motion in the circuit court which he titled, “Application for Leave to File a Motion to Vacate the Conviction and Sentence in Trial Court.” The circuit court dismissed the motion with an order instructing Riley not to file again.
¶ 4. On July 12, 2001, Riley filed a second motion for post-conviction collateral relief. In this motion, Riley asserted that: (1) his plea was involuntary; (2) his sentence was illegal; and (3) his counsel was ineffective. On August 8, 2001, the circuit court dismissed Riley’s motion and found that: Riley’s allegations were insufficient to warrant an evidentiary hearing, and he failed to show his counsel was ineffective. On August 20, 2001, Riley filed a notice of appeal and a motion to appeal from circuit court to the Mississippi Supreme Court in forma pauperis.
¶ 5. The supreme court deflected the appeal to this Court, which affirmed the circuit court’s dismissal of Riley’s second motion for post-conviction collateral relief. Riley v. State, 848 So.2d 888, 889 (¶ 2) (Miss.Ct.App.2003).
¶ 6. On September 20, 2001, Riley filed a third motion for post-conviction collateral relief. The circuit court dismissed the motion on November 16, 2001.
¶ 7. On July 25, 2003, Riley filed a fourth motion for post-conviction collateral relief. In his motion, Riley claimed he did not understand the “criminalities” of the charges against him, and the facts negated a guilty plea. The circuit court found the motion to be barred as a successive writ and no statutory exceptions were provided. The circuit court dismissed the motion.
¶ 8. On November 17, 2009, Riley filed a fifth motion for post-conviction collateral relief. The circuit court dismissed the motion as procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6). It is from this judgment that Riley now appeals.
STANDARD OF REVIEW
¶ 9. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 10. The circuit court properly dismissed Riley’s motion for post-conviction collateral relief as untimely filed and as a successive writ. Mississippi Code Annotated section 99-39-23(6) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief Act. There are also exceptions to this bar:
Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at *115 trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked....

Id.

¶ 11. Here, Riley’s first motion for post-conviction collateral relief was dismissed by the circuit court on May 12, 2000. Since Riley’s first motion for post-conviction collateral relief was dismissed by the circuit court, Riley has filed four subsequent motions for post-conviction collateral relief, and he has appealed to this Court, which affirmed the circuit court’s dismissal. Riley, 848 So.2d at 898 (¶ 17). Because Riley fails to show that an exception listed in section 99-39-28(6) applies, his fifth motion for post-conviction collateral relief is barred as a successive writ.
¶ 12. Riley argues the procedural bars should be waived by this Court because his fundamental rights are implicated. However, there is no merit to his claim. This Court has previously examined his claims that his plea was involuntary and that he received ineffective assistance of counsel. Riley, 848 So.2d at 892 (¶¶ 10, 16). This Court found Riley’s claims were without merit. Id.
¶ 13. Riley additionally claims his indictment was fatally flawed. Riley argues that his indictment fails to state, “the prosecution is brought in the name and by the authority of Mississippi,” and it does not include the judicial district in which the indictment was returned. The general rule is that “a guilty plea waives all defects in an indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject-matter jurisdiction.” Black v. State, 806 So.2d 1162, 1164 (¶ 5) (Miss.Ct.App. 2002). Both claims by Riley are waived as a result of his guilty plea. Furthermore, the heading of the indictment clearly states the charge is brought in the State of Mississippi, and Holmes County has only one judicial district. In such counties with one judicial district, the Mississippi Supreme Court has held that the indictment is not required to contain the judicial district. Harris v. State, 757 So.2d 195, 198 (¶ 15) (Miss.2000).
¶ 14. Finally, Riley claims newly discovered evidence exempts his motion from the procedural bar. Mississippi Code Annotated section 99-39-23(6) exempts from the procedural bar against successive writs that evidence which was “not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that if it been introduced at trial, it would have caused a different result in the conviction or sentence.” (Emphasis added). As this Court held in Chancy v. State, 938 So.2d 267, 269 (¶9) (Miss.Ct.App.2005):
Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.
(Emphasis added). Riley’s sworn testimony in which he admitted that he was guilty of the murder of his girlfriend negates his current claim that there is newly discovered evidence that proves his innocence. Ri *116 ley’s claims are procedurally barred and have no merit.
¶ 15. Riley’s fifth motion for post-conviction collateral relief is a successive writ; thus, it is procedurally barred from our review. We also note that the motion falls outside the three-year statute of limitations under Mississippi Code Annotated section 99-89-5(2) (Supp.2011). Accordingly, the judgment of the circuit court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.