# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01595-COA

**WILLIE EARL RILEY A/K/A WILLIE RILEY**             **APPELLANT**
**A/K/A WILLIE E. RILEY**

**v.**

**STATE OF MISSISSIPPI**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2013 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIE EARL RILEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 10/28/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE, ROBERTS AND JAMES, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1. Willie Earl Riley appeals the Holmes County Circuit Court's judgment dismissing his sixth motion for post-conviction relief (PCR). Riley claims that the circuit court erred by finding that his most recent PCR motion is untimely and barred as a successive writ. Riley also claims that he received ineffective assistance of counsel, and the circuit court erred when it accepted his guilty plea to murder. Finding that Riley's sixth PCR motion is barred by the doctrine of res judicata, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. During 1999, Riley was charged with murdering his girlfriend, Ann Weatherall. He confessed that he shot her in the head after she told him that she did not want to be with him anymore. Later, Riley pled guilty to murder. Since then, he has repeatedly attempted to obtain post-conviction relief.

¶3. Riley filed his first PCR motion during 2000. *Riley v. State*, 90 So. 3d 112, 114 (¶3) (Miss. Ct. App. 2011). The circuit court dismissed it, and Riley did not appeal. In July 2001, Riley filed his second PCR motion. He claimed that his guilty plea was involuntary, his sentence was illegal, and he received ineffective assistance of counsel. *Id*. at (¶4). The circuit court dismissed Riley's second PCR motion, and this Court affirmed the circuit court's judgment in *Riley v. State*, 848 So. 2d 888, 889 (¶2) (Miss. Ct. App. 2003).

¶4. The circuit court summarily dismissed Riley's third and fourth PCR motions. There is no indication that he appealed the circuit court's decisions. During late 2009, Riley filed his fifth PCR motion. *Riley*, 90 So. 3d at 114 (¶8). After the circuit court summarily dismissed it because it was barred as a successive writ, Riley appealed to this Court. *Id*. That appeal culminated in this Court's second reported opinion regarding Riley's attempts to obtain post-conviction relief. *Id*. We noted that we had previously addressed Riley's claims that he did not plead guilty voluntarily, and he received ineffective assistance of counsel. *Id*. at 115 (¶12). Ultimately, this Court found that Riley's fifth PCR motion was barred as a successive writ. *Id*. at (¶11). We also found no merit to Riley's claims that the indictment against him was fatally flawed, and newly discovered evidence exempted his PCR motion from all procedural bars. *Id*. at 116 (¶14). Finally, we noted that Riley's fifth PCR motion was untimely. *Id*. at (¶15).

¶5.     Undeterred, on July 19, 2013, Riley filed his sixth PCR motion. Within his sixth PCR motion, Riley raised a myriad of claims that primarily focused on the concept that he received ineffective assistance of counsel. Riley also briefly claimed that the circuit court did not inform him that he was waiving a number of his rights during the guilty-plea hearing. Following the circuit court's summary dismissal of his sixth PCR motion, Riley appeals.

## STANDARD OF REVIEW

¶6.     We will not reverse a circuit court's decision to dismiss a PCR motion unless the circuit court was clearly erroneous. *Riley*, 90 So. 3d at 114 (¶9). We review questions of law de novo. *Id*.

## ANALYSIS

### I.     EFFECTIVE ASSISTANCE OF COUNSEL

¶7.     Riley again repeats his claim that he received ineffective assistance of counsel. This is at least the third time he has raised this issue. *Riley*, 848 So. 2d at 891 (¶8); *Riley*, 90 So. 3d at 115 (¶12). Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Supp. 2014). But Riley claims that he has a fundamental constitutional right to effective counsel. Accordingly, Riley reasons that he is entitled to raise this issue repeatedly and perpetually based on the Mississippi Supreme Court's decision in *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010), in which the supreme court stated that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." In other words, Riley argues that neither the

3

time-bar[1] nor the successive-writ bar applies to an ineffective-assistance-of-counsel claim.

¶8.    The supreme court has not held that an ineffective-assistance-of-counsel claim invokes a "fundamental right" that circumvents all procedural bars that apply to PCR motions. But it is not necessary for us to decide the question, because the supreme court has held that the principle of res judicata applies in the context of PCR motions. *Jones v. State*, 119 So. 3d 323, 326 (¶9) (Miss. 2013). Res judicata prevents the litigation of claims that "were made or should have been made" during previous litigation. *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009). Because Riley already raised his claim that he received ineffective assistance of counsel, he is precluded from relitigating it here. Therefore, the circuit court did not err when it summarily dismissed Riley's sixth PCR motion.[2]

## II.    INTELLIGENT AND VOLUNTARY GUILTY PLEA

¶9.    Riley also repeats his claim that the circuit court erred when it accepted his guilty plea. According to Riley, the circuit court did not inform him that by pleading guilty, he was waiving his rights to be tried by a jury, confront adverse witnesses, and avoid self-incrimination. In *Riley*, 848 So. 2d at 890 (¶4), we found "that [during Riley's guilty-plea

---

[1] Under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction.

[2] Because Riley pled guilty to murder and he was sentenced to life, he is not eligible for earned-time allowance. Miss. Code Ann. § 47-5-139(1)(a) (Rev. 2011). Accordingly, there is no reason to discuss sanctioning Riley by ordering the forfeiture of meritorious earned time under Mississippi Code Annotated section 47-5-138(3) (Supp. 2014). However, we caution Riley that an inmate who repeatedly files objectively frivolous PCR motions may face other sanctions. *See* Miss. Code Ann. § 47-5-76(1) (Rev. 2011); *Ivy v. State*, 688 So. 2d 223, 224 (Miss. 1997); *Reed v. State*, 70 So. 3d 1174, 1175-76 (¶3) (Miss. Ct. App. 2011).

4

hearing, he] was thoroughly questioned on the record by the trial judge regarding [his] understanding of the crime charged, the applicable sentencing, and the waiver of his constitutional rights." Consequently, this issue is also barred by res judicata.

¶10. Moreover, Riley's claim is patently false. The transcript of Riley's guilty-plea hearing is in the record. Before the circuit court accepted Riley's guilty plea, the circuit court told him:

> [Y]ou have a right to a public trial by jury. In that trial, you have a right to cross-examine all witnesses that will be called to testify against you. You have a right to subpoena witnesses to testify in your own behalf. You have a right to testify or not testify as you so desire. Should you decide not to testify, this [c]ourt would instruct the jury that they could not hold the fact that you did not testify against you. This [c]ourt will also instruct the jury that they must presume that you are innocent until the State proves your guilt beyond a reasonable doubt.

The circuit court then asked Riley whether he wanted to give up those constitutional rights and plead guilty. Riley answered, "Yes, ma'am." Therefore, this issue is barred and it has no merit.

¶11. **THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**