NORTHCUTT, Judge.
A jury convicted Gary Stanley of several lewd and lascivious crimes and of kidnapping. Of the several issues Stanley raises on appeal, we affirm on all but one — his claim that the evidence was insufficient to support his kidnapping conviction. We reverse that conviction and the sentence imposed. We remand to the circuit court with instructions to enter a conviction on the lesser included offense of false imprisonment and to sentence Stanley for that crime.
The State charged Stanley with kidnapping under section 787.01(l)(a)(2), Florida Statutes (2010). That statute provides:
(l)(a) The term “kidnapping” means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
2. Commit or facilitate commission of any felony.
Our supreme court remarked, in Mobley v. State, 409 So.2d 1031, 1084 (Fla.1982), that if the quoted statutory subsection were literally construed it would apply to any criminal conduct that inherently involved confinement, such as a sexual battery. In order to avoid this result, the court later adopted a test to determine whether a particular confinement or movement during the commission of another crime constituted kidnapping:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d 963, 965-66 (Fla.1983) (approving the test set forth in State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).[1]
The confinement here did not meet any prong of the Faison test. Stanley and the victim were alone in a house and they argued with each other in the victim’s bedroom. Stanley threw the victim onto her bed and held her down while he placed tape over her mouth and taped her hands together. Next he turned her over and committed sexual acts. Immediately thereafter, he bit through the tape and the victim was able to remove it from her mouth and hands. She then went to a bathroom. When she returned, Stanley was no longer in her bedroom. She dressed and left the residence.
The victim’s confinement was minor and so did not meet prong (a) of the Faison test. Stanley merely prevented *720 the victim from leaving her bed. And the confinement was inherent in the nature of the crime; Stanley could not commit the unwanted sexual acts without restraining the unwilling victim, so prong (b) of the test was not met. “[T]here can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it.” Berry v. State, 668 So.2d 967, 969 (Fla.1996). Concerning prong (c) of the Faison test, the supreme court has held that to constitute kidnapping, the initial confinement must be intended to ease the commission of the crime or to lessen its detection and must have some significance independent of the crime underlying the kidnapping. Ferguson v. State, 533 So.2d 763, 764 (Fla.1988). There was no one else in the residence at the time and Stanley confined the victim solely to commit the sexual acts. While he taped the victim’s mouth and hands, he bit through the tape and released her from confinement as soon as the sexual assault was over. She was able to leave the scene shortly after the sexual acts took place and was able to quickly report the crime to law enforcement. This confinement did not rise to the level of kidnapping. See, e.g., Sanders v. State, 905 So.2d 271 (Fla. 2d DCA 2005).
The jurors were instructed on the kidnapping charge and on the lesser included offense of false imprisonment. The evidence supports the lesser crime. See § 787.02(l)(a) (defining false imprisonment as “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will”). We reverse Stanley’s kidnapping conviction and the sentence imposed for that crime, and we remand with directions to the trial court to enter judgment for false imprisonment and to sentence him for that crime. See § 924.34, Fla. Stat. (2010).
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
LaROSE, J., Concurs with opinion.

. The State correctly argues that the Faison test is not applicable when the kidnapping charge is based on section 787.01(l)(a)(3). See Conner v. State, 19 So.3d 1117 (Fla. 2d DCA 2009). But Stanley was not charged under that subsection; he was charged under subsections 787.01(l)(a)(2) and 787.01(3). The latter statute addresses kidnapping for the purpose of committing sexual acts on a child under thirteen. The portion of the information that charges kidnapping tracks the language of these two statutes. The victim was thirteen years old at the time of the crime, and did not fit within the dictates of section 787.01(3). It appears that at some point the State dismissed the charge under that section.