SILBERMAN, Judge.
Clarence Wilson seeks review of his convictions and consecutive life sentences for the offenses of sexual battery with physical *317 force and kidnapping. Wilson argues that the trial court erred in denying his motion for judgment of acquittal as to the kidnapping charge because the movement and confinement of the victim was inconsequential or inherent in the sexual battery offense. We agree and reverse the kidnapping conviction and sentence. We affirm the conviction and life sentence for sexual battery with physical force without comment.
The State presented evidence that Wilson attacked a stranger when she cut through a vacant lot on her late-night walk home from a bar. The dimly lit lot was sparsely covered with grass and underbrush and sheltered by several large trees. Wilson approached the victim as she crossed the lot on a dirt path and grabbed her by her arms. The victim struggled against Wilson, and he struck her above the eye and knocked her down. Wilson then got on top of the victim, pulled down her shorts and underwear, and forced her to have sexual intercourse. Wilson then fled the scene. The victim continued to struggle during the entire encounter, which lasted five to seven minutes.
Section 787.01(l)(a)(2), Florida Statutes (2010), defines the crime of kidnapping as “forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to ... [c]ommit or facilitate commission of any felony.” “ ‘[C]onfining, abducting, or imprisoning another person ... with intent to commit or facilitate commission of any felony’ does not include movement or confinement that is inconsequential or inherent in the nature of the felony.” Faison v. State, 426 So.2d 968, 966 (Fla.1983) (quoting Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980)). Rather, the movement or confinement:
(a)Must not be slight, inconsequential and merely incidental to the other crime; (b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)). .
In this case, the State elicited the following testimony from the victim regarding her movement and confinement during the sexual battery:
Q. Okay. And I want to go back briefly to the beginning, where you were walking the path. Did the defendant hold you against your will?
A. Yes, ma’am.
Q. Were you able to leave if you wanted to?
A. No, ma’am.
Q. Do you recall if he forced you from one location to another?
A. When he grabbed me, we started struggling, so it wouldn’t have been far, like, from here to there (indicating), and then I was on the ground.
The victim indicated the distance by spreading her hands approximately five feet apart.
In his motion for a judgment of acquittal, Wilson argued that the evidence was insufficient to establish a prima facie case of kidnapping because the movement and confinement of the victim was inconsequential or inherent in the sexual battery offense. The trial court reviewed photos of the lot and ruled as follows:
I’m going to deny the motion. The reason I’m going to deny it, is primarily, and I think the most important picture is 16N, to attempt to move someone off the path behind this area of palmetto and vines, it’s not very much, but it grows up about, I don’t know, two feet off the ground, it could provide a place *318 of concealment. It’s a bit of a thin read, I think, but I think it’s enough to go to the jury.
This court conducts a de novo review of the trial court’s ruling on a motion for judgment of acquittal. See Rockmore v. State, 140 So.3d 979, 983 (Fla.2014). We conclude that the evidence of the movement and confinement of the victim was insufficient to meet the three requirements of the Faison test. First, the evidence established that the movement was merely incidental to the crime because it occurred during a struggle to restrain the victim by getting her to the ground. See Stanley v. State, 112 So.3d 718, 719-20 (Fla. 2d DCA 2013) (holding that confinement by throwing the victim onto her bed, holding her down, and taping her mouth and hands was merely incidental to the sex crimes); Simpkins v. State, 395 So.2d 625, 626 (Fla. 1st DCA 1981) (holding that pulling a victim from a bedroom to a living room was not materially different from the restraint involved in committing the sexual battery).
Second, the confinement was inherent in the nature of the crime in that Wilson could not have committed the sexual battery without restraining the victim. See Stanley, 112 So.3d at 720. And third, the movement did not have independent significance because it did not make the crime easier or substantially lessen the risk of detection. Simply put, there was no evidence of any reason for the victim’s movement aside from the victim’s testimony that it was part of the struggle that occurred when he attempted to restrain her.
We disagree with the trial court’s conclusion that the evidence was sufficient to prove that Wilson moved the victim off the path and into an area of palmetto and vines to conceal the sexual battery. The victim did not testify that Wilson moved her in any particular direction or that he was deliberately moving her at all. Cf. Bush v. State, 526 So.2d 992, 993-94 (Fla. 4th DCA 1988) (holding that defendant’s act of dragging the victim a short distance from the side of a road into the nearby woods was sufficient to sustain a kidnapping conviction because the movement reduced the danger of detection and made it easier for the defendant to commit the sexual batteries).
The photograph the trial court relied on does not establish that the sexual battery occurred in an area that would have substantially lessened the risk of detection. The photograph depicts a dirt and leaf-covered area that is abutted by trees and sparse underbrush. The whole lot was covered with trees, and there is no evidence to establish that Wilson moved the victim from a more visible area into the underbrush. Although the investigating deputy described the crime scene as an area in which sand and leaves “had freshly been kicked up,” the attack occurred in a dimly lit vacant lot at 2:00 a.m., a time and place where the crime was already unlikely to be detected.
In summary, the evidence established that the movement and confinement of the victim was merely incidental to the crime of sexual battery, was inherent in the nature of the crime, and did not make the crime easier or substantially lessen the risk of detection. Accordingly, the trial court erred in denying the motion for judgment of acquittal as to the kidnapping charge. We therefore reverse the kidnapping conviction and sentence but affirm Wilson’s conviction and life sentence for sexual battery with physical force.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and BLACK, JJ., concur.