# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-2756
_____

JOSHUA DANEEL GLOSTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Jack Schemer, Judge.

May 6, 2019

WINOKUR, J.

Joshua Daneel Gloston was convicted of kidnapping and attempted sexual battery. Gloston challenges his kidnapping conviction, claiming that the trial court should have granted his motion for judgment of acquittal because the asportation of the victim was incidental and inherent to the crime of attempted sexual battery. We reject this claim and affirm his judgment and sentence.

## I.

At trial, the victim, J.W., testified that during early morning hours, she was exercising on an elliptical machine at a Jacksonville hotel gym. About fifteen minutes into her workout,

J.W. heard the door to the gym click as if someone else had entered. A man with a towel tied across his face, later identified as Gloston, grabbed her arm and told her to get off the elliptical. Gloston was also wearing what appeared to be gloves. Believing that he was "joking or someone nuts," J.W. continued to exercise. Gloston then proceeded to grab J.W. again and pull her off the elliptical.

J.W. then verbally confronted Gloston and pulled the towel from his face. Gloston proceeded to put J.W. in a full nelson wrestling hold, causing J.W. to scream and attempt to kick him in the groin. In response, Gloston hit her on the nose and eye. Gloston then told J.W. that he was going to kill her if she screamed again.

Gloston tried to drag J.W. out of the hotel gym. J.W. grabbed a nearby fitness machine, prompting Gloston to strike her head against the machine's post in order to loosen her grip. Gloston then continued to drag her towards the gym door. Gloston opened the door and both he and J.W. fell through onto the hallway, where she grabbed hold of a column while he grabbed her feet and pulled her towards the doorway that led to the pool deck.

As this was happening, J.W. was face up on the ground looking at her assailant. J.W. testified that when she first pulled the towel from his face she was able to look at Gloston for approximately ten seconds. J.W. then stated that she "got a really good look at him [when she] was laying on the floor, looking up at him and he was trying to grab me." J.W. was still clinging onto the column when Gloston kicked her on the side of her leg, which caused J.W. to let go. Gloston then resumed pulling her towards the pool deck door.

Once Gloston got J.W. to the pool deck door, J.W. became exhausted and exclaimed "I give up." As a result, Gloston stopped trying to move J.W. to the pool deck and proceeded to pull down her gym shorts. J.W. then began to scream and she then heard what sounded "like, a ripping sound, and to [J.W.], it sounded like he was tearing off something to make a gag to put on [her] mouth so [she would] shut up." A hotel employee then appeared, which prompted Gloston to flee. J.W. pulled up her shorts and

2

ran towards the hotel employee, asking hysterically if he had seen her assailant.

J.W. was able to identify Gloston as her assailant in a photo spread. J.W. also identified Gloston in court during her testimony. Additionally, the hotel employee testified that the pool deck area was "pretty dark."

After the State rested, defense counsel moved for acquittal on the kidnapping charge, arguing that the movement of J.W. was incidental and part of the attempted sexual battery. The trial court denied the motion, and later denied a renewed motion following the defense case. The jury then found Gloston guilty as charged on both counts.

## II.

A trial court's ruling on a motion for judgment of acquittal is reviewed de novo. *Ridgeway v. State*, 128 So. 3d 935, 936 (Fla. 1st DCA 2013). The evidence must be construed in the light most favorable to the State. *Perez v. State*, 138 So. 3d 1098, 1100 (Fla. 1st DCA 2014). As a result, a judgment of acquittal is improper if the State presents competent, substantial evidence to establish the elements of the charged offense. *Id.*

Gloston was charged with kidnapping with the intent to commit a felony, sexual battery, pursuant to section 787.01(1)(a), Florida Statutes. In *Faison v. State*, the Florida Supreme Court articulated the standard for analyzing kidnapping when done to facilitate the commission of another crime. 426 So. 2d 963 (Fla. 1983). In such circumstances, kidnapping occurs when the movement or confinement employed by the defendant is 1) not slight, inconsequential, or incidental to the other crime charged; 2) not inherent in the other crime charged; and 3) significant and independent of the other crime charged so as to lessen the risk of detection or making the other crime easier to commit. *Id.* at 965.

3

## III.

Gloston argues that his movement of J.W. was inherent or incidental to the commission of the attempted sexual battery. The evidence suggests otherwise.

As to the first *Faison* factor, the record indicates that Gloston not only forcefully moved J.W. off the elliptical machine, but also proceeded to struggle with J.W. in an attempt to drag her out of the hotel gym, into the hallway, and toward the pool deck. These efforts resulted in J.W. resisting, with Gloston resorting to kicking and striking J.W. in order to subdue her. These acts are neither slight, inconsequential, nor incidental to Gloston's intent of sexually battering J.W.

As to the second factor, Gloston's asportation of J.W. was not inherent to an attempted sexual battery. Gloston chose not to sexually batter J.W. in the hotel gym. Instead, Gloston forced J.W. out of the gym and dragged her across the hallway toward the pool deck. Thus, Gloston's actions were not inherent to his attempted sexual battery, but rather part of his intent to forcibly move J.W. in order to facilitate a sexual battery.

Lastly, Gloston's actions were significant and independent of an attempted sexual battery and were done to lower the risk of detection. Gloston argues that the fact that he chose to pull down J.W.'s shorts in the hallway shows that the asportation was simply part of his attempted sexual battery because the hallway was a public area and he could have been easily discovered. But Gloston only began his attempt to sexually batter J.W. in the hallway after she told him that she "gave up." Before that point, Gloston was forcibly moving J.W. towards the pool deck. Furthermore, the State elicited testimony that the pool deck area was dark. Thus, it is entirely reasonable to conclude that Gloston was moving J.W. to the pool deck since the dimly lit area decreased the risk of detection.

Gloston relies on two cases to support his argument. *Wilson v. State*, 159 So. 3d 316 (Fla. 2d DCA 2015); *Stanley v. State*, 112 So. 3d 718, 719-20 (Fla. 2d DCA 2013). In *Wilson*, the defendant grabbed the victim as she was walking through a vacant lot and

4

proceeded to strike her, knock her to the ground, and then forced her to engage in sexual intercourse. 159 So. 3d at 317. On appeal, the Second District reversed the defendant's kidnapping conviction finding that "the evidence established that the movement and confinement of the victim was merely incidental to the crime of sexual battery, was inherent in the nature of the crime, and did not make the crime easier or substantially lessen the risk of detection." *Id.* at 318.

In *Stanley*, the defendant threw the victim onto a bed, held her down, put tape over her mouth, taped her hands together, and proceeded to turn her over and commit sexual acts. 112 So. 3d at 719. On appeal, the defendant's kidnapping conviction was reversed because the confinement was "minor" and inherent in the nature of the crimes he committed. *Id.* at 719-20.

Unlike *Wilson* and *Stanley*, the asportation of J.W. was not minor or incidental. Gloston intentionally and forcibly dragged J.W. out of the hotel gym, having to strike her to loosen her grip on nearby exercise equipment. Gloston then dragged J.W. across the hallway towards the dimly lit pool deck. But for J.W.'s submission, Gloston would have continued his effort to drag J.W. to the pool deck so he could commit sexual battery.

This case is akin to *Carter v. State*, where the defendant entered an apartment complex gym where the victim was exercising alone. 762 So. 2d 1024, 1028 (Fla. 3d DCA 2000). The defendant robbed the victim at gunpoint, moved her to a nearby hallway, and sexually battered her. *Id.* The Third District affirmed the defendant's kidnapping conviction finding that "[a]lthough the movement was only three feet, the effect was to hide the victim and defendant from the view of anyone who might enter the gym, thus making detection of the crime considerably more unlikely." *Id.* at 1027.

Like *Carter*, Gloston endeavored to move J.W. to the pool deck area to avoid detection and to facilitate a sexual battery. Moreover, Gloston's asportation of J.W. was more than the three feet noted in *Carter*.

5

IV.

Gloston's asportation of J.W. was neither inherent nor incidental to his attempted sexual battery. Gloston's actions reflected a clear intent to forcibly move J.W., in order to accomplish his goal of committing a sexual battery. The trial court did not err in denying Gloston's motion for judgment of acquittal for kidnapping.

AFFIRMED.

B.L. THOMAS, C.J., and KELSEY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, Joanna A. Mauer, Assistant Public Defender, Glenna Joyce Reeves, Assistant Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Benjamin L. Hoffman, Assistant Attorney General, Samuel B. Steinberg, Assistant Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.